# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL GRAHAM,<br><br>    Plaintiff,<br><br> v.<br><br>WRIGHT,<br><br>    Defendant. | Case No. 1:22-cv-00504-KES-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER<br><br>(ECF No. 45)<br><br>**FOURTEEN (14) DAY DEADLINE** |

  Plaintiff Raphael Graham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Wright ("Defendant") for violation of the Fourth Amendment for conducting the second strip search with an activated body camera, exposing Plaintiff's genitals on camera, and for retaliation in violation of the First Amendment.

  For the reasons that follow, the Court recommends that this action be dismissed, with prejudice.

**I. Background**

  On April 15, 2024, Defendant filed a notice of request to seal documents pursuant to Local Rule 141, together with a redacted motion for summary judgment on the grounds that

1

1    Defendant did not violate Plaintiff's First or Fourth Amendment rights and Defendant is entitled
2    to qualified immunity.  (ECF Nos. 41, 42.)  Plaintiff was provided with notice of the requirements
3    for opposing a motion for summary judgment.  *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012);
4    *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–
5    12 (9th Cir. 1988).  (ECF No. 42-4.)  Pursuant to Local Rule 230(l) and Federal Rule of Civil
6    Procedure 6(d), as well as the Court's May 28, 2024 order granting an extension of time,
7    Plaintiff's opposition(s) or statement(s) of non-opposition to the request to seal and the motion for
8    summary judgment were therefore due on or before July 1, 2024.  (ECF No. 44.)  Plaintiff did not
9    file a response.
10   Therefore, on July 12, 2024, the Court ordered Plaintiff to show cause within twenty-one
11   (21) days why this action should not be dismissed, with prejudice, for Plaintiff's failure to
12   prosecute.  (ECF No. 45.)  Plaintiff was provided the opportunity to comply with the Court's
13   order by filing an opposition or statement of non-opposition to the request to seal and motion for
14   summary judgment.  Plaintiff was warned that failure to comply with the Court's order would
15   result in dismissal of this matter, with prejudice, for failure to prosecute.  (*Id.*)
16   On August 1, 2024, the order to show cause was returned as "Undeliverable, Parole,
17   RTS."  Plaintiff's notice of change of address was therefore due on or before August 3, 2024.
18   Local Rule 183(b).
19   Plaintiff has not filed a notice of change of address, submitted any response to
20   Defendant's motion for summary judgment, or otherwise communicated with the Court.
21   **II.     Discussion**
22   Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with
23   any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .
24   within the inherent power of the Court."  District courts have the inherent power to control their
25   dockets and "[i]n the exercise of that power they may impose sanctions including, where
26   appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A
27   court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
28   failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46

F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In addition, Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Here, the action has been pending since 2022, and Plaintiff's response or opposition to Defendant's motion for summary judgment is overdue. Plaintiff was warned that his failure to comply with the Court's order would result in dismissal of this action, with prejudice, for failure to prosecute. Plaintiff has failed to comply.

///

---

[1] Courts may dismiss actions *sua sponte* under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

Plaintiff is obligated to comply with the Local Rules and was informed by Defendant of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and Defendant's notice, Plaintiff did not file an opposition. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's July 12, 2024 order to show cause expressly warned Plaintiff that if he failed to comply with that order, this matter would be dismissed, with prejudice, for failure to prosecute. (ECF No. 45.) Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance. At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

Given Plaintiff's failure to update his address or communicate with the Court, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to

prosecute this action and his failure to apprise the Court of his current address. *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving an unopposed dispositive motion in a case which Plaintiff is no longer prosecuting.

### III. Recommendation

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 8, 2024**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

5