# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL GRAHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WRIGHT,<br><br>　　　　　Defendant. | No.  1:22-cv-00504-KES-BAM (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>Doc. 48 |

　　　　Plaintiff Raphael Graham is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against defendant Wright for alleged violation of the Fourth Amendment by conducting a strip search of the plaintiff with an activated body camera, exposing plaintiff's genitals on camera, and for retaliation in violation of the First Amendment.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 15, 2024, defendant filed a notice of request to seal documents pursuant to Local Rule 141, together with a redacted motion for summary judgment arguing that defendant did not violate plaintiff's First or Fourth Amendment rights and that defendant is entitled to qualified immunity.  Docs. 41, 42.  Following plaintiff's failure to file a response to the motion for summary judgment or the request to seal, on July 12, 2024, the Court ordered plaintiff to show cause within twenty-one (21) days why this action should not be dismissed, with prejudice, for

plaintiff's failure to prosecute. Doc. 45. On August 1, 2024, the order to show cause was returned as "Undeliverable, Parole, RTS."[1] *See* Docket. Plaintiff's notice of change of address was therefore due on or before October 3, 2024. Local Rule 183(b). Plaintiff did not file a notice of change of address or otherwise communicate with the Court. *See* Docket.

On October 8, 2024, the magistrate judge issued findings and recommendations recommending dismissal of this action, with prejudice, based on plaintiff's failure to prosecute, failure to oppose the motion for summary judgment, and failure to file a notice of change of address, and for plaintiff's failure to obey a court order requiring plaintiff to oppose the motion for summary judgment or to file a statement of non-opposition. Doc. 48. The findings and recommendations notified plaintiff that any objections were to be filed within 14 days of service. *Id.* at 5. On October 18, 2024, the findings and recommendations served on Plaintiff's address of record were returned as "Undeliverable, Paroled."[2] *See* Docket. No objections have been filed, and the deadline to do so has passed. To date, plaintiff has not otherwise communicated with the Court or updated his address.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court adopts the findings and recommendations in part.

Despite the language of Local Rule 230(l), dismissal of a case for failure to prosecute because of a party's failure to oppose a motion for summary judgment would be improper. "[U]nder the Federal Rules, a motion for summary judgment may not be granted based on a failure to file an opposition to the motion, regardless of any local rule that suggests the contrary." *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2017); *see also Henry v. Gill Inds., Inc.*,

---

[1] Though the order to show cause was returned to the court as undeliverable, it was properly served on plaintiff. *See* Local Rule 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.")

[2] As with the order to show cause, though the findings and recommendations were returned to the court as undeliverable, they were properly served on plaintiff pursuant to Local Rule 182(f).

983 F.2d 943, 950 (9th Cir. 1993) ("A local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule [of Civil Procedure] 56, hence impermissible under Rule 83."); Fed. R. Civ. P. 56 Advisory Committee Notes (2010) ("[S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion.").

Here, the findings and recommendations do not recommend granting the motion for summary judgment for failure to oppose the motion, but rather recommend dismissing for failure to prosecute for failing file an opposition to the motion as required by Local Rule 230(l) and for plaintiff's failure to comply with the court's orders that he oppose the motion for summary judgment. Doc. 45. Taking account of the Ninth Circuit's clear directive that summary judgment cannot be granted based on failure to oppose the motion for summary judgment, "[t]he practical effect" of dismissing for failure to comply with a local rule requiring plaintiff to file an opposition would be "to grant summary judgment as a sanction" for violating a local rule, which the Ninth Circuit has expressly disavowed. *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995). The same is true of ordering the plaintiff to file an opposition to the motion and then dismissing the case with prejudice for his failure to do so. Thus, the Court declines to adopt the findings and recommendations insofar as they recommend dismissing this case with prejudice for plaintiff's failure to oppose the motion for summary judgment and for plaintiff's failure to obey the Court's order requiring plaintiff to file an opposition or statement of non-opposition to the summary judgment motion.

However, the findings and recommendations also recommend dismissal of this action based on plaintiff's failure to file an updated address with the Court within 63 days of mail addressed to him being returned to the Court as undeliverable. *See* Local Rule 183(b). The Ninth Circuit has held that, prior to dismissing a case as a sanction for a plaintiff's failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

3

*Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

It appears the magistrate judge considered some of the *Henderson* factors in relation to plaintiff's failure to update his address, but overarchingly the findings and recommendations analyzed the *Henderson* factors pursuant to the plaintiff's failure to oppose the motion and failure to obey the court order.  Thus, the Court has independently considered the *Henderson* factors and finds that they weigh in favor of dismissal for plaintiff's failure to update the Court of his address.

The public's interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal because the court cannot effectively manage its docket, nor can the litigation be expeditiously resolved, if plaintiff fails to update his address with the Court. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  The Court need not expend its resources analyzing the merits of defendant's motion for summary judgment when doing so would result in an order that would be undeliverable to plaintiff.  Furthermore, the case could not progress from there, regardless of the outcome of the order, given the Court's inability to communicate with plaintiff.  As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant.  *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).

Finally, there is little else available to the court that would constitute a satisfactory lesser sanction given the court's inability to communicate with plaintiff.  *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address").

4

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations issued on October 8, 2024, Doc. 48, are adopted in part;
2. This action is dismissed without prejudice due to plaintiff's failure to prosecute as set forth in this order; and
3. The Clerk of the Court is directed to terminate all pending motions and close this case.

IT IS SO ORDERED.

Dated:   November 25, 2024

UNITED STATES DISTRICT JUDGE

5